UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAUREN KIKUCHI, ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED INDIVIDUALS, | CIVIL ACTION |
| VERSUS | NO: 20-CV-2764 |
| SILVER BOURBON, INC. D/B/A SCORES GENTLEMEN'S CLUB | SECTION: "H" |

## ORDER AND REASONS

Before the Court is Plaintiff Lauren Kikuchi's Motion to Reopen Litigation (Doc. 33). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Lauren Kikuchi filed this proposed class and collective action against her former employer, Defendant Silver Bourbon Inc. d/b/a Scores Gentlemen's Club ("Silver Bourbon"), for whom she worked as an exotic dancer from 2017 to 2020. Plaintiff alleges that, during the relevant time, she and her co-workers were misclassified as independent contractors. Plaintiff brings this action for damages arising from Defendant's alleged violations of the Fair Labor Standards Act[1] ("FLSA") and the Louisiana Wage Payment Act

---

[1] 29 U.S.C. § 201, *et seq.*

1

("LWPA").[2]

After Plaintiff filed this action, Defendant moved to dismiss the case on the grounds that upon being employed with Defendant, Plaintiff executed an agreement that contained an arbitration clause.[3] Plaintiff opposed this motion, but the Court agreed with Defendant, dismissing Plaintiff's claims without prejudice, in favor of arbitration.[4]

Now before the Court is Plaintiff's Motion to Reopen Litigation.[5] Plaintiff and Defendant initiated arbitration after this Court's dismissal, but the arbitrator eventually terminated the proceeding due to Defendant's failure to pay the required case management fee and other deposits.[6] Plaintiff now seeks to reopen the present litigation because of Defendant's waiver of its right to arbitrate. To date, Defendant has not filed an opposition to this request.

## **LAW AND ANALYSIS**

"Section 3 of the Federal Arbitration Act requires that, where a suit is referable to arbitration, judicial proceedings be stayed until arbitration has been had in accordance with the terms of the arbitration agreement."[7] The Fifth Circuit has held that, where the arbitration proceeding has been rightfully terminated due to one party's nonpayment, arbitration "has been

---

[2] LA. REV. STAT. § 23:631, *et seq.*
[3] *See* Doc. 12.
[4] *See* Docs. 31, 32.
[5] *See* Doc. 33.
[6] *See* Doc. 33-30.
[7] Noble Cap. Fund Mgmt., L.L.C. v. US Cap. Global Inv. Mgmt., L.L.C., 31 F.4th 333, 336 (5th Cir. 2022) (citing 9 U.S.C. § 3).

had" under the law.[8] "[T]he inquiry over whether arbitration 'has been had' does not require us to examine the cause of the arbitration's termination, only that arbitration has been had in accordance with the terms of the agreement."[9]

Here, the parties agreed to arbitrate but did not designate a specific arbitrator or arbitration entity in their contract.[10] However, once Plaintiff filed four separate arbitration complaints with the American Arbitration Association ("AAA"), the parties consented to AAA and its rules and fee schedule.[11] Those rules permit AAA or the arbitrator to terminate the arbitration after suspending the proceeding and failing to receive payment within the time provided.[12] That is precisely what happened: Defendant was informed on multiple occasions of its failure to pay the required fees, the arbitrator suspended the proceeding, and once Defendant failed to remedy the nonpayment within the deadline provided, the arbitrator justifiably ordered termination.[13]

"Even though the arbitration did not reach the final merits and was instead terminated because of a party's failure to pay its [AAA] fees, the parties still exercised their contractual right to arbitrate prior to judicial resolution in accordance with the terms of their agreement[]."[14] "There is no arbitration to return this case to and parties may not avoid resolution of live claims through compelling a new arbitration proceeding after having let the first arbitration

---

[8] *Id.*

[9] *Id.*

[10] *See* Docs. 31 at 2 (detailing text of arbitration provision); 33-2 at 4.

[11] *See* Doc. 33-6 at 6.

[12] *See* Doc. 33-8 at 31.

[13] *See* Docs. 33-28, 33-29, 33-30.

[14] *Noble Cap. Fund Mgmt., L.L.C.*, 31 F.4th at 336.

proceeding fail."[15]  Accordingly, the Court grants Plaintiff's Motion to Reopen Litigation.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reopen Litigation is **GRANTED**.

**IT IS ORDERED** that this case is **REOPENED.**

New Orleans, Louisiana this 15th day of July, 2022.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Id.*