## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAUREN KIKUCHI, et al.<br><br>            PLAINTIFFS,<br><br>v.<br><br>SILVER BOURBON, INC., et al.<br><br>            DEFENDANTS. | Case No. 2:20-cv-02764-JTM-JVM<br><br>Section: "H" (1)<br><br>The Honorable Jane Triche Milazzo<br><br>Magistrate Judge Janis van Meerveld |
| KELLY CLIFTON, et al.<br><br>            PLAINTIFFS,<br><br>v.<br><br>FAMOUS BOURBON MANAGEMENT GROUP, INC., et al.<br><br>            DEFENDANTS. | Case No. 2:20-cv-02991-JTM-JVM<br><br>Section: "H" (1)<br><br>The Honorable Jane Triche Milazzo<br><br>Magistrate Judge Janis van Meerveld |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

Plaintiffs Lauren Kikuchi and Priscilla Cisneros ("the Kikuchi Plaintiffs") and Kelly Clifton, Kuria Richard, Margaret Watson, Najah Julian, Allyssa Pate, Melanie Young, and Roxane Parra ("the Clifton Plaintiffs"), through undersigned counsel, and pursuant to Federal Rule 42(a), respectfully submit this memorandum in support of their Motion to Consolidate the pending action, *Kikuchi, et al. v. Silver Bourbon, Inc., et al.*; Case No.: 20-cv-2764 ("the Kikuchi Matter") into the parallel pending action, *Clifton, et al. v. Famous Bourbon Management Group, et al.*; Case No.: 20-cv-2991 ("the Clifton Matter").

Prior to filing their Motion to Consolidate, undersigned counsel sought consent from the Defendants in the Kikuchi Matter and the Clifton Matter to the herein requested consolidation. The following represents the consent position of Defendants:

1. On October 20, 2022, Thomas Barbera, Esq., counsel for Famous Bourbon Management Group, Inc., Manhattan Fashion, LLC, Silver Bourbon, Inc., Temptations, Inc., N'awlins Entertainment Group, Inc., Guy Olano, Jr., Joseph Ascani, Raymond Palazzolo, and Scott Yafee in the Clifton Matter ("the Clifton Defendants") and counsel for Defendant Silver Bourbon, Inc. in the Kikuchi matter, responded as follows, "WE HAVE NO OBJECTION TO THE CONSOLIDATION.  I WILL BE WITHDRAWING FOR A FEW DEFENDANTS WHO HAVE MOVED AND I CANNOT CONTACT."

2. Though Mr. Barbera has expressly affirmed the Defendants he represents do not object to consolidation, the status of consent is unclear.  In Mr. Barbera's response, Mr. Barbera concedes he has not contacted one or more of the Defendants he represents prior to representing the position of "no objection." As such, the totality of Mr. Barbera's response leaves questions whether certain Defendants under his representation do or do not object to consolidation.

3. Similarly, Mr. Barbera is not counsel of record for Temptations, Inc., Famous Bourbon Management Group, Inc., N'Awlins Entertainment Group, Inc., Guy Olano, Jr., Raymond Palazzolo, and Guy Olano, III in the Kikuchi Matter.  As such, the express consent of all Defendants in the Kikuchi matter is unclear.

4. Defendant Guy Olano, III, was voluntarily dismissed, without prejudice in the Clifton Matter on June 29, 2022.

5. Mr. Olano, III, is a current named defendant in the Kikuchi Matter, with a Motion to Dismiss, Without Prejudice pursuant to Federal Rule 12(b)(6) pending with the Court in the Kikuchi Matter.

6. On October 24, 2022, the Kikuchi Plaintiffs responded to Mr. Olano, III's motion by consenting to the dismissal of Mr. Olano, III, without prejudice. Kikuchi R. Doc. 60. Thereafter, on November 7, 2022, the Court entered an Order dismissing Mr. Olano, III, from this action, without prejudice. Kikuchi R. Doc. 61. As such, Mr. Olano, III, will no longer be an active defendant in the Kikuchi Matter or the Clifton Matter. This point notwithstanding, Mr. Olano, III, through his counsel of record, Jacob D. Young, Esq., has expressly consented to consolidation.

7. Because the consent position of several Defendants in the Kikuchi and Clifton matters as to the relief sought herein is unclear, the Kikuchi Plaintiffs and the Clifton Plaintiffs have noticed their Motion for Consolidation for submission before this Court in the Clifton Matter and in the Kikuchi Matter.

## **PROCEDURAL BACKGROUND**

1. On October 8, 2020, the Kikuchi Matter was commenced by the filing of a Collective Action Complaint pursuant FLSA Section 216(b) on behalf of Ms. Kikuchi, individually, and other current and former exotic dancers working or performing at, for, or in the Scores Gentlemen's Club owned and operated by Silver Bourbon, Inc., and operating at 416 Bourbon Street, New Orleans, Louisiana 70130 during the period 2017 through the date of judgment in the action. Kikuchi R. Doc. 1.

2. On November 4, 2020, the Clifton Matter was commenced by the filing of a Collective Action Complaint pursuant to FLSA Section 216(b) on behalf of current and former exotic dancers at the Clifton Defendants' several interrelated and commonly owned and operated

Louisiana-based Gentlemen's Clubs, Stiletto's Cabaret, Scores French Quarter, Scores West, and Temptations ("the Clubs"). Clifton R. Doc. 1.

3. The Clifton Matter and the Kikuchi Matter each arise from Defendants' common misclassification the current and former exotic dancers working or performing in, at, or for the Clubs as independent contractors and the common Defendants' corresponding failure by the dancers working or performing in, at, or for the Clubs wages in compliance with the FLSA.

4. On November 24, 2020, Silver Bourbon, Inc., filed a Motion to Dismiss the Kikuchi Matter pursuant to Federal Rule 12(b)(3). The sole basis for this Motion was that Plaintiff Kikuchi had executed an agreement at the onset of her employment with Silver Bourbon, Inc. that contained an arbitration clause. Kikuchi R. Doc. 12.

5. On June 1, 2021, the Court granted Silver Bourbon, Inc.'s Motion to Dismiss and compelled Plaintiff Kikuchi to pursue her claims for relief in arbitration before the American Arbitration Association ("AAA"). Kikuchi R. Doc. 31. The Court's entry of judgment of the same was docketed by the Court on June 2, 2021. Kikuchi R. Doc. 32.

6. On July 1, 2021, Ms. Kikuchi and Ms. Cisneros filed four (4) separate arbitration complaints against Famous Bourbon Management Group, Inc., Temptations, Inc., N'Awlins Entertainment Gooup, Inc., Guy Olano, Jr., Scott Yaffee, and Guy Olano, III, before the AAA. These four (4) arbitrations actions were consolidated by consent of all Parties to the actions into a single arbitration action before the AAA.

7. On April 27, 2022, the AAA terminated the consolidated arbitration because the Kikuchi Defendants failed and/or refused to pay the AAA the mandatory administrative fee following multiple requests by the AAA for payment of the same.

8.     On May 3, 2022, the Kikuchi Plaintiffs filed a Motion to re-open the Kikuchi Matter.  Kikuchi R. Doc. 33.  On July 15, 2022, the Court granted the Kikuchi Plaintiffs' Motion and entered an Order to re-open the Kikuchi Matter on that same date. Kikuchi R. Doc. 40.

9.     On July 21, 2022, the Kikuchi Plaintiffs filed their First Amended Collective Action Complaint.  Kikuchi R. Doc. 42. In their Amended Complaint, the Kikuchi Plaintiffs allege that during the period of at least 2017 through March 2020, the Kikuchi Defendants (i) misclassified the Kikuchi Plaintiffs and other current and former exotic dancers working or performing at, for, or in the Kikuchi Defendants' Scores and Stiletto's Gentlemen's Club as independent contractors and (ii) failed to pay the Kikuchi Plaintiffs and the other current and former exotic dancers wages as required by the FLSA. *Id.*

10.    On September 23, 2022, the Clifton Plaintiffs filed their Motion for Distribution of Notice Pursuant to FLSA Section 216(b).  Clifton R. Doc. 78. In the Motion, the Clifton Plaintiffs sought an Order from the Court permitting service of Notice to current and former exotic dancers who were classified as independent contractors and who worked at either (i) Scores West, (ii) Scores French Quarter, (iii) Stilettos Cabaret, and/or (iv) Temptations French Quarter during the period 2017 through the present of their right to opt-in to the Clifton Matter and to prosecute their FLSA claims against the Clifton Defendants, collectively. *Id.*

11.    On October 3, 2022, the Court in the Clifton Matter entered an Order setting forth that the Clifton Defendants are precluded from opposing the Clifton Plaintiffs' Motion to send collective action notices, provided the Clifton Defendants shall be allowed to advance their position as to the contents of the notice. Clifton R. Doc. 81.

12.    Pursuant to the Court's order transferring the Clifton Matter to Section "H" (1), the operative scheduling order in the Clifton Matter (Clifton R. Doc. 60) was vacated. Clifton R. Doc.

68. As of this filing there has not been a superseding scheduling order entered in the Clifton Matter, nor is there a trial date.

13.     The Kikuchi Plaintiffs each fully meet the FLSA Section 216(b) Collective Action Class definition sought and, at least preliminarily, approved by this Court in the Clifton Matter.

14.     Consolidation of the Kikuchi Matter into the Clifton Matter at this time can be easily accomplished and will effectively treat the Kikuchi Plaintiffs as FLSA opt-in plaintiffs in the Clifton Matter, with Ms. Kikuchi's FLSA opt-in relating back to October 8, 2020, the date Ms. Kikuchi filed her Complaint commencing the Kikuchi Matter and with Ms. Cisneros' FLSA opt-in relating back to July 1, 2021, the date Ms. Cisneros filed her AAA arbitration complaint.

## ARGUMENT

The Kikuchi Plaintiffs and the Clifton Plaintiffs seek consolidation of the Kikuchi Matter into the Clifton Matter pursuant to Federal Rule 42(a).  Federal Rule 42(a) provides, as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Federal Rule 42(a) "should be used to expedite trial and eliminate unnecessary repetition and confusion." *Daybrook Fisheries, Inc. v. Am. Marine Constr., Inc*., No. 97-3677, 98-1438, 1998 WL 748586, at *2 (E.D. La. Oct. 19, 1998) (citing *Miller v. United States Postal Service*, 729 F.2d 1033, 1035 (5th Cir. 1984)). When actions present common issues of law and fact, consolidation should be utilized to save the parties from wasteful re-litigation in disparate forums and avoids duplication of judicial effort. *See In re Dearborn Marine Service, Inc*., 499 F.2d 263, 271 (5th Cir. 1974).  Further, consolidation should be used to avoid unnecessary costs or delay and to preclude

tactical maneuvering between the cases. *Scott v. Marett*, No. 2:00cv49-D-B, 2000 WL 877016, at *2 (N.D. Miss. June 7, 2000).

The Fifth Circuit has instructed that, "Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller*, 729 F.2d at 1036. The Court has broad discretion in determining whether to consolidate matters. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (quoting *N.A.A.C.P. of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973)) (quotation marks omitted). "Consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy. However, where consolidation would result in prejudice to the rights of either party, interests of efficiency and economy must give way." *Advocacy Ctr. v. KliebertKliebert*, No. 15-751-SDD-RLB, 14-507-SDD-RLB, 2016 WL 3660497, at *1 (M.D. La. Feb. 3, 2016).

In determining whether consolidation is appropriate, courts in this Circuit consider a number of factors, including: (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately. *See Danos v. Boh Brothers Construction Co.*, No. 10-1469, 2010 U.S. Dist. LEXIS 151488, at *2 (E.D. La. July 21, 2010) (quoting *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. MDL-1446, 2007 U.S. Dist. LEXIS 8812, at *1 (S.D. Tex. Feb. 7, 2007). Importantly, however, "consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and

each requires the entry of a separate judgment." *Henry v. Maxum Indem. Co*., No. 20-2995-WBV-JVM, 20-2997-WBV-JVM, 20-2998-WBV-JVM, 2022 U.S. Dist. LEXIS 48652, at *19-20 (E.D. La. Mar. 18, 2022).

Here, the claims and allegations in the Kikuchi Matter are nearly identical to the claims and allegations in the Clifton Matter. In the Kikuchi Matter and the Clifton Matter, the named plaintiffs and FLSA Collective Action Class Members each worked or performed as exotic dancers for, at, or in the Kikuchi/Clifton Defendants' Louisiana-based Scores, Stiletto's, and/or Temptations Gentlemen's Clubs during the relevant period of at least 2017 through the present. During this period, the Kikuchi/Clifton Defendants (i) misclassified the Kikuchi/Clifton Plaintiffs and FLSA Collective Action Class Members as independent contractors and (ii) failed to compensate the Kikuchi/Clifton Plaintiffs and FLSA Collective Action Class Members in compliance with the FLSA wage payment requirements. Thus, the relief sought by the Kikuchi Plaintiffs, the Clifton Plaintiffs, and the FLSA Collective Action Members is commonly dependent upon (i) a common finding by this Court that each was, as a matter of economic reality, an "employee" of the Kikuchi/Clifton Defendants as the term is defined by the FLSA and therefore entitled to a common recovery from the Kikuchi/Clifton Defendants in the form of unpaid wages, statutory liquidated damages, pre-judgment interest, and attorney's fees and costs as provided by the FLSA.

Consolidation makes perfect sense. If the Kikuchi Matter and the Clifton Matter are not consolidated, the Parties be required to re-litigate the same arguments, same disputes, and same theories, in different actions on this Court's docket. Such a result would be wasteful to the resources of the Parties and the Court. For this reason, it has long been the preference of the Federal judiciary that where there are two cases involving the same Parties and issues that are

simultaneously pending in the same Court, the proper solution is consolidation. *See Lester v. Exxon Mobile Corp*., 879 F.3d 582, 592 (5th Cir. 2018) ("Rule 42(a) is the proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court").  Consequently, this Court should consolidate the Kikuchi Matter into the Clifton Matter for all purposes to proceed in one action under the Clifton Matter.

## CONCLUSION

The consolidation of the Kikuchi Matter into the Clifton Matter prejudices no party to either action and promotes efficiency to the Parties and to the Court.  For this reason, as detailed in this Memorandum, good cause exists for this Court to enter an Order consolidating the Kikuchi Plaintiffs into the Clifton Matter for all purposes, including trial.

Dated: November 8, 2022.	Respectfully submitted,

 */s/ Gregg C. Greenberg*
Gregg C. Greenberg, Esq.
Admitted by *Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

Kerry A. Murphy, La Bar No. 31382
Laura E. Avery, La Bar No. 35636
Kerry Murphy Law LLC
210 St. Charles Ave.
Suite 250 #1824
New Orleans, Louisiana 70170
(504) 603-1502 (ph)
Email:  kmurphy@kerrymurphylaw.com
            lavery@kerrymurphylaw.com

*Counsel for the Kikuchi Plaintiffs*

 */s/ William M. Hogg*
David W. Hodges, Esq.

9

>Admitted *Pro Hac Vice*
>William M. Hogg, Esq.
>Admitted *Pro Hac Vice*
>Hodges & Foty, LLP
>4409 Montrose Boulevard, Suite 200
>Houston, Texas 77006
>Tel: (713) 523-0001
>Email:  dhodges@hftrialfirm.com
>              whogg@hftrialfirm.com
>
>K. Todd Wallace, La Bar No. 31382
>Stacey LeGraize Meyaski, La Bar No. 27543
>Wallace Meyaski, LLC
>5190 Canal Boulevard, Suite 102
>New Orleans, Louisiana 70124
>Tel: (504) 644-2011
>Email:  todd.wallace@walmey.com
>              stacey.meyaski@walmey.com
>
>*Counsel for the Clifton Plaintiffs and the Collective*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2022, a true and correct copy of the foregoing instrument was served on all counsel of record via the Court's CM/ECF filing system.

>  */s/ Gregg C. Greenberg*
> Gregg C. Greenberg, Esq.