UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN KIKUCHI, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2764** |
| | **c/w 20-2991** |
| **FAMOUS BOURBON MANAGEMENT GROUP, INC., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is the parties' Joint Motion for Approval of Fair Labor Standards Act Collective Action Settlement (Doc. 160). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs in these consolidated lawsuits are former exotic dancers working or performing at certain commonly owned and operated and interrelated gentlemen's clubs in Louisiana, including Stiletto's Cabaret (Stiletto's), Scores French Quarter, and Scores West (collectively, the "Clubs").[1] On December 6, 2022, this Court authorized the distribution of class notice

---

[1] Doc. 114 at 1; Doc. 62-1 (Kikuchi).

1

pursuant to 29 U.S.C. § 216(b).[2] There are seventy-eight Plaintiffs in this collective action, and the opt-in period has closed.[3]

Plaintiffs name the following entities as Defendants: Famous Bourbon Management Group, Inc. ("Famous Bourbon"); Manhattan Fashion, LLC d/b/a Scores West ("Manhattan Fashion"); Silver Bourbon, Inc. d/b/a Scores French Quarter ("Silver Bourbon"); Temptations, Inc. d/b/a Stiletto's Cabaret ("Temptations"); and N'awlins Entertainment Group, Inc. ("N'awlins") (collectively the "Company Defendants"). Plaintiffs also name the following individuals as Defendants: Guy Olano, Jr., Joseph Ascani, Scott Yaffee, and Raymond Palazzolo (collectively the "Individual Defendants"). Plaintiffs assert claims on behalf of themselves and others similarly situated against Defendants alleging misclassification of the dancers as independent contractors and failure of Defendants to pay wages in compliance with the Fair Labor Standards Act ("FLSA").[4]

In their Complaints, Plaintiffs allege that Defendants each qualified as employers or joint employers under the FLSA for Plaintiffs and all other exotic dancers working or performing in the Clubs.[5] On summary judgment, this Court found that Plaintiffs were employees under the FLSA, but had not yet met their burden to prove which of the Defendants were their employer(s) for the purpose of imposing liability under the FLSA.[6] At a July 10, 2025 Settlement Conference before Magistrate Judge Janis van Meerveld, the parties negotiated this dispute and agreed to settle all claims.[7]

---

[2] Doc. 67 (Kikuchi).
[3] Doc. 128-3 at 7 (Kikuchi).
[4] *Id.*
[5] Doc. 42 at ¶ 19 (Kikuchi); Doc. 9 at ¶¶ 29–37 (Clifton). The allegations as to the relationships between the Company Defendants, as well as between the Company and Individual Defendants, differ between the Clifton and Kikuchi Complaints. *See id.*
[6] Doc. 133 (Kikuchi).
[7] Doc. 156 (Kikuchi).

In the Joint Motion for Approval of Fair Labor Standards Act Collective Action Settlement, the parties propose a settlement agreement that provides recovery for the seventy-eight Plaintiffs in this case (the "Settlement Agreement"). Because this case arises under the FLSA, this Court must approve of the fairness of the settlement.[8] Specifically, the parties request that the Court issue an order approving the Settlement Agreement as fair, just, and reasonable.

## LEGAL STANDARD

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[9] To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable.[10]

## LAW AND ANALYSIS

This Court will analyze the fairness of the Settlement Agreement accordingly.

### A. Bona Fide Dispute

In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants' liability under the FLSA.[11] "This is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees."[12] The court

---

[8] Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982).
[9] *Id.*
[10] *Id.*; Domingue v. Sun Elec. & Instrumentation, Inc., 09-682, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010).
[11] *Domingue*, 2010 WL 1688793, at *1.
[12] *Id.* (quoting Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (internal quotations and alterations omitted)).

3

should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements.[13] "[S]ome doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims."[14]

In these consolidated cases, Plaintiffs alleged that Defendants misclassified Plaintiffs as independent contractors and violated the FLSA by (1) failing to pay minimum wage compensation; (2) unlawfully taking tips and gratuities; and (3) unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages.[15] Throughout this litigation, Defendants denied Plaintiffs' allegations and asserted numerous defenses that may have defeated the claims in whole or in part. The parties engaged in discovery and motion practice, revealing numerous issues of fact and law in this litigation. Particularly, the parties disputed whether Defendants could be held liable under the FLSA, either individually or collectively. Accordingly, the Court finds that there is a bona fide dispute between the parties as to whether Defendants have violated the FLSA and are liable to Plaintiffs.

### B. Fair and Reasonable

Although there are marked differences between a collective action under FLSA and a Rule 23 class action,[16] courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action.[17] These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation;

---

[13] *Collins*, 568 F. Supp. 2d at 719.
[14] *Id.* at 719–20.
[15] Doc. 42 (Kikuchi); Doc. 9 (Clifton).
[16] *See* Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916–19 (5th Cir. 2008).
[17] *E.g., Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009); *Altier v. Worley Catastrophe Response, LLC*, 11-241, 2012 WL 161824, at *13–14 (E.D. La. Jan. 18, 2012).

(3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[18]

Considering these factors, the Court notes that before the parties' July 10, 2025 Settlement Conference, litigation had been ongoing for nearly five years, and the parties were expected to have a seven-day trial starting August 18, 2025. Extensive discovery has been undertaken and completed, and motion practice has occurred. All parties involved in these settlement agreements were represented by counsel in extensive negotiations and have discussed the potential risks associated with further litigation. Notably, Plaintiffs are aware that their potential recovery may be limited by the possible insolvency of certain Defendants.

Pursuant to the Settlement Agreement, Plaintiffs' agreed-to compensation amounts are within the range of possible recovery for Plaintiffs in this matter. The settlement amounts were carefully negotiated based in part on the parties' investigation and extensive discovery. The Settlement Agreement treats all Plaintiffs uniformly and awards compensation based upon objective factors considering each Plaintiffs' claims and participation in the litigation. Further, the Settlement Agreement sets forth a fair and reasonable plan to administer the settlement. Accordingly, after considering these factors and conducting an *in camera* review of the Settlement Agreement, the Court finds that the Settlement Agreement shows a fair, just, and reasonable resolution of a bona fide dispute.

Further, the Court notes that Plaintiffs' Counsel does not seek any attorney's fees as part of the Settlement Agreement, only those litigation

---

[18] *Collins*, 568 F. Supp. 2d at 722.

expenses that were incurred in prosecuting the case. The Court has been involved in this case since its inception and is aware of the resources expended on this matter. The Court approves these expenses as well.

## **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Joint Motion for Approval of Fair Labor Standards Act Collective Action Settlement (Doc. 160) is **GRANTED**.

New Orleans, Louisiana this 25th day of September, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**